IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATASHA ANDERSON, | ) |
| Plaintiff, | ) CIVIL ACTION NO. _____ |
| v. | ) JURY DEMAND |
| SECURITY WALLS, LLC | ) |
| Defendant. | ) |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Defendant Security Walls, LLC, for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as amended.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff Natasha Anderson ("Plaintiff") is an adult individual residing in the Middle District of Tennessee and in Cane Ridge, Davidson County, TN.

5. Defendant Security Walls, LLC ("Security Walls" or "Defendant") is a consumer reporting agency that regularly conducts business in the Middle District of Tennessee and has a principal place of business located at 130 N. Martinwood Rd., Knoxville, TN 37923.

## FACTUAL ALLEGATIONS

6. Plaintiff is a long-term employee of MillarRich, LLC ("MillarRich").

7. MillarRich performs routine background checks of its employees.

8. MillarRich contracts with Security Walls to supply "consumer reports" as defined by 15 U.S.C. § 1681a(d) for employment purposes.

9. MillarRich requested a consumer report from Security Walls, and Security Walls sold MillarRich a consumer report concerning Plaintiff in June 2021.

10. The consumer report supplied by Security Walls contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with MillarRich.

11. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information that relate to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

12. The inaccurate information includes, but is not limited to, a criminal offense record. This record appears on the consumer report Defendant sold about Plaintiff to MillarRich as:

- 12/21/04 (Will Co., IL) – 2 counts [Felony] Forgery/Issue/Deliver document; 4/19/07 Dismiss/Superseded Probation terminated.

- 12/21/04 (Will Co., IL) – 2 counts [Felony] Forgery/Issue/Deliver document; 12/11/07 Guilty.

- 8/19/04 (Will Co., IL) – [Felony] Misuse credit card >$300; 12/11/07 Guilty.

- 8/19/04 (Will Co., IL) – [Felony] Misuse credit card >$300; 4/19/07 Dismiss/Superseded.

2

13. The inaccurate information grossly disparages Plaintiff and portrays her as a felon, which she is not. There is perhaps no greater error that a consumer reporting agency can make.

14. The derogatory inaccuracies appear to be caused by Defendant mixing Plaintiff's consumer report with that of at least one other consumer. Any rudimentary inspection of the data would reveal the inaccuracies, and in particular, would have revealed the different date of birth and social security number. Defendant obviously failed to employ such a procedure.

15. In creating and furnishing Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff. For example, Defendant allowed and/or used very loose matching criteria to determine whether to include information pertaining to another individual, with a different date of birth and security number within Plaintiff's consumer report.

16. Plaintiff was subsequently denied more profitable assignments with MillarRich, had her work responsibilities reduced and Plaintiff was informed by MillarRich that the basis for the denial of assignments and reduction of work was the inaccurate criminal information that appears on Plaintiff's Security Walls' consumer report and that the inaccurate information was a substantial factor for the adverse action.

17. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost or delayed employment opportunities, or both, harm to her reputation, and emotional distress, including humiliation and embarrassment.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681e(b)

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

22. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

23. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

24. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

25. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

26. Plaintiff demands trial by jury on all issues so triable.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in her favor and damages against Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just, and proper.

Respectfully submitted,

*/s/ Micah S. Adkins*
Micah S. Adkins
TN BAR NO. 036451
**THE ADKINS FIRM, P.C.**
One Lincoln Centre
5400 Lyndon B. Johnson Fwy., Suite 1200
Dallas, Texas 75240
(214) 974.4030 Main Telephone
(615) 370.4099 Direct Telephone
MicahAdkins@ItsYourCreditReport.com

Joseph L. Gentilcore
(*Pro Hac Vice* Forthcoming)
**FRANCIS, MAILMAN & SOUMILAS, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600 Telephone
Jgentilcore@consumerlawfirm.com

***COUNSEL FOR PLAINTIFF
NATASHA ANDERSON***